UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **KWAMI WILLIAMS,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**INTERNATIONAL PAPER COMPANY,** et al.,<br><br>　　　　　　　　　　**Defendants.**<br><br>---<br><br>**AIR CONVEYING CORPORATION,**<br><br>　　**Proposed Third-Party Plaintiff,**<br><br>　　v.<br><br>**WEYERHAEUSER COMPANY,**<br><br>　　**Proposed Third-Party Defendant.** | **Civil No. 21-19765 (MJS)** |

**O P I N I O N   &   O R D E R**

This matter having come before the Court on the motion filed by defendant/proposed third-party plaintiff Air Conveying Corporation ("ACC") for leave to file a third-party complaint asserting claims of contractual indemnity, common law indemnity, and contribution against proposed third-party defendant Weyerhaeuser Company ("Weyerhaeuser") [ECF No. 70];[1] and

---

[1] The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78(b); L. Civ. R. 78.1. The Court notes that Plaintiff previously sought leave to amend his complaint to join Weyerhaeuser as a defendant to his products liability claims. ECF No. 28. For reasons not relevant to this motion, the Court denied the attempted joinder as untimely. ECF No. 43 at 18 n.10.

**WHEREAS,** there appearing to be no opposition to ACC's motion; and

**WHEREAS,** a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it," but "must, by motion, obtain the court's leave if it files the third-party complaint more than [fourteen] days after serving its original answer," Fed. R. Civ. P. 14(a)(1); and

**WHEREAS,** ACC filed this motion on March 15, 2024, more than fourteen days after it served its original answer on December 8, 2023 [ECF No. 63], and therefore must obtain the Court's leave before filing the third-party complaint, see Fed. R. Civ. P. 14(a)(1); and

**WHEREAS,** "[t]he decision to grant leave to file a third-party complaint is within the sound discretion of the Court," but, generally, courts "'permit impleader unless "it will delay or disadvantage the existing action and the third-party claim obviously lacks merit,"'" Hickerson-Cooper v. Dollar Gen. Corp., Civ. No. 22-5755, 2024 WL 2874035, at *2 (D.N.J. June 7, 2024) (quoting Wilson v. Beekman, 198 F. App'x 239, 241 (3d Cir. 2006)); and

**WHEREAS,** in determining whether to grant leave to file a third-party complaint, courts typically consider: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff," Igenomix, LLC v. Senergene Sols., LLC, Civ. No. 21-20495, 2023 WL 4744283, at *3 (D.N.J. July 25, 2023) (quoting Meehan v. Bath Auth., LLC, Civ. No. 18-17444, 2021 WL 130483, at *2 (D.N.J. Jan. 14, 2021)); and

**WHEREAS,** with respect to timeliness, the Court considers whether the movant failed to "act with reasonable diligence in bringing the motion," as well as "the plaintiff's specific injury as a result of an unreasonable delay," if any. Spencer v. Cannon Equip. Co., Civ. No. 07-2437, 2009 WL 1883929, at *3 (D.N.J. June 29, 2009). The Court notes that ACC filed this motion on March

15, 2024 [ECF No. 70], consistent with the Court-ordered deadline for motions to add parties and well before the Court-ordered deadline for pretrial factual discovery [ECF Nos. 66, 77]. The Court also notes that Plaintiff has not filed opposition to this motion, nor has he cited any prejudice that would result if the impleader were permitted. Under these circumstances, the Court finds that the motion was not untimely, compare Spencer, 2009 WL 1883929, at *4 (holding that court's finding of undue delay was clearly erroneous where plaintiff did not oppose motion, plaintiff did not state any prejudice that would result from joinder, and timing of motion did not offend any scheduling order deadline), with Meehan, 2021 WL 130483, at *2 (finding impleader untimely where motion was filed over a year after deadline to add parties and after close of factual discovery); and

**WHEREAS,** with respect to the probability of trial delay, "[i]t is well-recognized that in most, if not all, cases involving impleaded parties, the movant's claims against the third-party defendant might delay resolution of the matter and increase the complexity of the trial," XL Specialty Ins. Co. v. PCS Wireless Warehouse, Inc., Civ. No. 18-17210, 2020 WL 967855, at *4 (D.N.J. Feb. 28, 2020), and the Court must "weigh this expected delay against the need to avoid multiple litigations on the same matter." Mechin v. Carquest Corp., Civ. No. 07-5824, 2010 WL 3259808, at *6 (D.N.J. Aug. 17, 2010). Here, the Court finds that the third-party claims against Weyerhaeuser will not unduly delay trial given that "they concern the same factual circumstances as the original complaint, substantially similar evidence, witnesses and legal issues raised by Plaintiff," and the current deadline for pretrial factual discovery is January 7, 2025 [ECF No. 77], see BRG Harrison Lofts Urb. Renewal LLC v. Gen. Elec. Co., Civ. No. 16-6577, 2020 WL 4932755, at *4-5 (D.N.J. Aug. 24, 2020); and

**WHEREAS,** with respect to the risk of complicating issues at trial, the Court notes that "[c]ourts in this District have found that this factor weighs against joinder only where the addition

3

of a third-party would introduce significant complications," Hickerson-Cooper, 2024 WL 2874035, at *4. Here, the Court finds that the proposed addition of claims for contribution and indemnification against a single third party would not meaningfully complicate the issues at trial, particularly since the claims arise out of the same incident and injuries alleged in the operative complaint and would likely involve overlapping discovery, see BRG Harrison Lofts, 2020 WL 4932755, at *3 ("[B]asic contribution or indemnification claims are not found to complicate matters at trial."); see also Hickerson-Cooper, 2024 WL 2874035, at *4 (finding no undue complication where impleader sought to add a single new party for claims that would likely require significant overlap in discovery); and

**WHEREAS,** with respect to the potential prejudice to Plaintiff, the Court notes that Plaintiff does not oppose this motion, and finds, for the reasons articulated above, that Plaintiff would not suffer undue prejudice if the impleader were permitted, see Hickerson-Cooper, 2024 WL 2874035, at *5; and

**WHEREAS,** "the crucial characteristic of a Rule 14 third-party claim is that the original defendant is attempting to transfer to the third-party defendant all or part of the liability asserted against him by the original plaintiff," Panchisin v. Torres, Civ. No. 11-5144, 2012 WL 5880346, at *2 (D.N.J. Nov. 20, 2012) (quoting Ryan v. Collucio, 183 F.R.D. 420, 422 (D.N.J. 1998)), and therefore "[a] third-party claim may be asserted under Rule 14(a) only when the third-party's liability is in some way dependent on the outcome of the main claim or when the third-party is secondarily liable to [the] defendant" under a theory of derivative liability such as indemnification or contribution, Hickerson-Cooper, 2024 WL 2874035, at *5 (first alteration in original) (quoting FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994)); see also Meehan, 2021 WL 130483, at *1; and

**WHEREAS,** the proposed third-party complaint asserts claims of contractual indemnity, common law indemnity, and contribution against Weyerhaeuser based on: (1) a sales agreement between ACC and Weyerhaeuser in which Weyerhaeuser agreed to indemnify ACC for any and all claims arising out of the system that allegedly caused Plaintiff's injuries in the event that Weyerhaeuser modified the system after its installation; (2) ACC's discovery in 2024 that the system had been modified subsequent to its installation; and (3) ACC's allegation that Weyerhaeuser caused some or all of the modifications observed in 2024 [ECF No. 70-3 ¶¶ 28-34]. These claims are appropriately brought under Rule 14(a), and at this early juncture, the Court cannot find that the claims obviously lack merit, see Hickerson-Cooper, 2024 WL 2874035, at *6-7. Therefore, the Court finds that these claims can be properly joined under Rule 14. Accordingly, and for all of the foregoing reasons,

**IT IS** on this **19th** day of **August 2024**,

**ORDERED** that ACC's motion for leave to file a third-party complaint [ECF No. 70] is **GRANTED**. ACC shall file and effectuate service of its third-party complaint within 14 days of the date of this Order.[2]

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
UNITED STATES MAGISTRATE JUDGE

---

[2] ACC shall update its proposed third-party complaint, paragraphs 12 through 25, [ECF No. 70-3] to be consistent with the recently filed Fourth Amended Complaint [ECF No. 78] and ACC's Answer to the same [ECF No. 80].